**LOCKMAN FOUNDATION,**
Plaintiff–Appellant,

v.

**EVANGELICAL ALLIANCE MISSION;**
Evangelical Alliance Mission of Japan;
Kenneth G. McVety, Defendants–Appellees.

No. 89–56230.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 1991.

Decided April 18, 1991.

Charles S. Treat, Latham & Watkins, Los Angeles, Cal., John F. Flannery, Fitch, Even, Tabin & Flannery, Chicago, Ill., Richard A. Clark, Parker, Milliken, Clark, O'Hara & Samuelian, Los Angeles, Cal., for plaintiff-appellant.

Edmond M. Connor, Dean J. Zipser, Paula Perez–Pena and David A. Delman, Morrison & Foerster, Irvine, Cal., for defendants-appellees.

Before GOODWIN, BOOCHEVER and RYMER, Circuit Judges.

RYMER, Circuit Judge:

This case involves a dispute over the translation of a version of the Bible into several Asian languages, particularly Japanese. The Lockman Foundation ("Lockman") sued The Evangelical Alliance Mission ("TEAM"), TEAM's alleged alter ego in Japan, called TEAM/Domei, and McVety, a TEAM/Domei representative in Japan, in federal district court in California, alleging various copyright and noncopyright counts, including a RICO violation, arising under United States, Japanese and California law.[1] The district court dismissed the case on the ground of forum non conveniens. Lockman challenges the dismissal of its noncopyright claims and contends the district court erred in not allowing it to amend its complaint to drop the copyright counts. Because the district court did not abuse its discretion in concluding that Japan is the more convenient forum for these claims and because granting leave to amend would have been futile, we affirm.

## I

Lockman owned an English translation of the Bible and sought to have its version translated further into several Asian languages. It established a relationship with TEAM to organize and accomplish the translating effort. Lockman and TEAM maintained a relationship for over 30 years, which led to the publishing of a new Japanese version of the Bible ("Shinkaiyaku Seisho") distributed almost exclusively in Japan. The Lockman and TEAM cooperation also led to ongoing projects to produce more translations into several other Asian languages. The relationship eventually soured and Lockman brought this suit, alleging various claims for copyright infringement, unfair competition, and tort, contract and RICO violations.[2]

---

1. TEAM was the only defendant properly served and is therefore the only defendant that has appeared in this action.

2. Lockman alleged 11 counts, which are:

(1) copyright infringement under United States law, based on its ownership of English translations of the Bible;

(2) copyright infringement under Japanese law, based on a claimed ownership of the copyright to the new Shinkaiyaku Seisho;

TEAM/Domei brought its own suit in Japan seeking a declaratory judgment that it owns the Japanese copyright to the Shinkaiyaku Seisho. Lockman has appeared in that Japanese action.

## II

The district court had jurisdiction over this suit under 28 U.S.C. § 1331 (federal question), § 1332(a) (diversity) & § 1338 (copyright). This court has jurisdiction under 28 U.S.C. § 1291.

■ We review the district court's dismissal for abuse of discretion. "The *forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419, 436 (1981) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511–12, 67 S.Ct. 839, 844–45, 91 L.Ed. 1055, 1064 (1947)); *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1448–49 (9th Cir.1990). This standard presents Lockman with an uphill battle.

■ A party moving to dismiss on grounds of forum non conveniens must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal. *Contact Lumber*, 918 F.2d at 1449. This showing must overcome the "great deference ... due

plaintiffs because a showing of convenience by a party who has sued in his home forum will usually outweigh the inconvenience the defendant may have shown." *Contact Lumber*, 918 F.2d at 1449 (citing *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335 (9th Cir.1984), *cert. denied*, 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985)).

■ Lockman stresses that plaintiffs presumptively may choose their forums. *See Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843, 91 L.Ed. at 1062 ("unless the balance [of private and public interest factors] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). The deference due to plaintiffs, however, is far from absolute. We have recognized that "[t]he presence of American plaintiffs ... is not in and of itself sufficient to bar a district court from dismissing a case on the ground of *forum non conveniens.*" *Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir.), *cert. denied*, 464 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983); *Contact Lumber*, 918 F.2d at 1449. In practice, "the cases demonstrate that defendants frequently rise to the challenge" of showing an alternative forum is the more convenient one. *Contact Lumber*, 918 F.2d at 1449. "A citizen's forum choice should not be given dispositive weight.... [I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Piper Aircraft*, 454 U.S. at 256 n. 23, 102 S.Ct. at 266 n. 23, 70 L.Ed.2d at 436 n. 23.

(3) specific performance of agreements through which TEAM would transfer copyrights to Lockman;

(4) accounting for royalties and payments due from sales of Bibles to which Lockman owned a copyright;

(5) false designation of origin relating to the United States copyright claim, alleging TEAM improperly used Lockman's name on Bibles it sold after licensing agreements terminated;

(6) unfair competition under the Lanham Act, alleging TEAM improperly traded on Lockman's name by distributing Bibles in the United States;

(7) conversion, of money, copyrights and translation works in progress;

(8) breach of fiduciary duty, specifically mismanagement of funds to be used for translations, including an allegation that TEAM used translation funds to purchase real estate in Japan;

(9) conspiracy to defraud Lockman of money and copyrights;

(10) fraud, by misappropriating funds earmarked for translations, by misrepresenting that translations were being diligently made and by converting copyrights belonging to Lockman; and

(11) RICO claims.

## A. Adequate Alternative Forum

"At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum. Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Id.* at 254 n. 22, 102 S.Ct. at 265 n. 22, 70 L.Ed.2d at 435 n. 22 (citing *Gulf Oil*, 330 U.S. at 506–07, 67 S.Ct. at 842, 91 L.Ed. at 1061). Because the record shows that TEAM has agreed to submit to Japanese jurisdiction, and because TEAM/Domei and McVety reside in Japan, the threshold test is satisfied.

■ The initial requirement may not be satisfied, however, in "rare circumstances ... where the remedy offered by the other forum is clearly unsatisfactory." *Id.; see also Cheng*, 708 F.2d at 1411 ("[T]he burden of proving an alternative forum is the defendant's and ... the remedy must be clear before the case will be dismissed."). Dismissal is not appropriate "where the alternative forum does not permit litigation of the subject matter of the dispute," such that "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft*, 454 U.S. at 254 & n. 22, 102 S.Ct. at 265 & n. 22, 70 L.Ed.2d at 435 & n. 22. Lockman's allegations as to why Japan would be an inadequate forum fail to show that a Japanese remedy would be "clearly inadequate."

Lockman takes issue with several aspects of Japanese court procedure, none of which suggest that courts in that country are an inadequate forum. First, Lockman claims that there is no pretrial discovery in Japan. TEAM's experts, however, said Japanese discovery procedures, though not identical to those in the United States, would be adequate. The district court considered both sets of opinions and found that those of TEAM's experts were more persuasive. The district court did not abuse its discretion in finding that TEAM's assertion that Japan was an adequate forum was supported by sufficient evidence. *See Cheng*, 708 F.2d at 1410–11 (no error where district court found one set of experts more persuasive).

■ Second, Lockman objects to the lack of jury trials in Japan. This fact does not render Japanese courts an inadequate forum. *See In re Union Carbide Corp. Gas Plant Disaster*, 809 F.2d 195, 199, 202 (2d Cir.), *cert. denied*, 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987); *Danser v. Firestone Tire and Rubber Co.*, 86 F.R.D. 120, 122 (S.D.N.Y.1980).

■ Third, Lockman claims that Japanese appellate courts exercise de novo review of facts as well as law. Even assuming such a difference in standards of review would harm Lockman, this difference does not render Japan an inadequate forum. *See Piper Aircraft*, 454 U.S. at 250, 102 S.Ct. at 263, 70 L.Ed.2d at 432 (unfavorable change in law should not be given substantial weight).

Fourth, Lockman contends that the statute of limitations would bar "many" of its claims. TEAM has satisfied this objection by waiving any statute of limitations defenses to Lockman's claims that would not have been otherwise available to TEAM the day Lockman filed this suit in California.

■ Lockman also complains of possible changes in substantive law. If forced to pursue its action in Japan, Lockman contends, it would be unable to litigate its RICO and Lanham Act claims and would lose the opportunity to recover treble damages and attorney's fees. TEAM's experts disagree, claiming that Japanese courts will apply the substantive law of the United States to Lockman's counterclaims against TEAM in TEAM's Japanese copyright action. There was evidence on both sides of this question and, again, Lockman fails to show how the district court's crediting TEAM's experts over its own amounted to an abuse of discretion.

Even if the RICO and Lanham Act claims were unavailable in Japan, that would not furnish a sufficient reason to preclude dismissal. The "possibility of an unfavorable change in the law" is not to be given conclusive or substantial weight in a forum non conveniens inquiry. *Piper Aircraft*, 454 U.S. at 249–51, 102 S.Ct. at 262–

64, 70 L.Ed.2d at 431–33; *see also Borden, Inc. v. Meiji Milk Products Co.*, 919 F.2d 822, 829 (2d Cir.1990) (" 'the prospect of a lesser recovery does not justify refusing to dismiss on the ground of forum non conveniens' ") (quoting *Alcoa S.S. Co. v. M/V Nordic Regent*, 654 F.2d 147, 159 (2d Cir.) (en banc), *cert. denied*, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980)). Other courts of appeals have held, and we agree, that the inability to assert a RICO claim in a foreign forum does not preclude a forum non conveniens dismissal. *See Kempe v. Ocean Drilling & Exploration Co.*, 876 F.2d 1138, 1143–44 (5th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 279, 107 L.Ed.2d 259 (1989); *Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127, 129 (2d Cir.1987) (per curiam); *cf. TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1353 n. 1 (9th Cir.1990) (leaving open question of whether federal policy requires that RICO claims be brought in federal court). Similarly, the presence of a Lanham Act claim does not preclude forum non conveniens dismissal. *See Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 431 (9th Cir.1977) (dictum) (district court on remand could decide Nevada "is not a convenient forum in which to litigate part *or all* of the possible actions," which included Lanham Act claims (emphasis added)). Even if a Japanese court were to reject these claims, Lockman has not shown that possible recovery on the other tort and contract claims would be "so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft*, 454 U.S. at 254, 102 S.Ct. at 265, 70 L.Ed.2d at 435.

▮ The district court did not clearly err in its consideration and weighing of the evidence to determine that Japan provides an adequate alternative forum.[3]

## B. Balance of Private and Public Interest Factors

Given the existence of an adequate alternative forum, a district court must consider the balance of private and public interest factors to determine whether to dismiss on grounds of forum non conveniens. *Gulf Oil*, 330 U.S. at 508–09, 67 S.Ct. at 843, 91 L.Ed. at 1062–63; *Contact Lumber*, 918 F.2d at 1449, 1453. Lockman, by conceding the dismissal of its copyright claims, attempts to recharacterize the case and thus invites this court to recalculate the balance. This attempt fails, though, because even the noncopyright claims are related to the copyright ones.

### 1. Private interest factors

"Private interest factors include: ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses; and other problems that interfere with an expeditious trial." *Contact Lumber*, 918 F.2d at 1451 (citing *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843, 91 L.Ed. at 1062); *see also Nebenzahl v. Credit Suisse*, 705 F.2d 1139, 1140 (9th Cir.1983).

### a. Sources of proof

Conceding the district court's dismissal of its copyright claims, Lockman contends that the sources of proof for its remaining claims, which arise under tort, contract and federal statutes, are in English and in the United States. Lockman argues that relevant agreements were made in English in California and that TEAM, through McVety, made its allegedly fraudulent representations to Lockman in meetings in California during various visits over the course of many years.

Lockman's argument about sources of proof falls short because it relates only to how *Lockman* intends to present its case and ignores how TEAM intends to defend itself. The district court appropriately con-

---

**3.** Federal courts have consistently found that Japan provides an adequate alternative forum to litigation in the United States. *See, e.g., Philippine Packing Corp. v. Maritime Co. of Philippines*, 519 F.2d 811, 812 (9th Cir.1975) (per curiam); *Paterson, Zochonis (U.K.) Ltd. v. Compania United Arrows*, 493 F.Supp. 626, 630 (S.D. N.Y.1980); *Del Monte Corp. v. Everett Steamship Corp.*, 402 F.Supp. 237, 244 (N.D.Cal.1973). We have found no reported cases holding Japan to be an *in*adequate forum.

sidered, in its balancing, TEAM's defense as well as Lockman's case in chief; in doing that, the Japanese copyright claim cannot be ignored. The court then correctly concluded that the balance tips strongly in favor of Japan as the more convenient forum.

If Lockman's noncopyright claims went forward, one of TEAM's defenses would be that it owned the Japanese copyright to the Shinkaiyaku Seisho. TEAM has demonstrated that the copyright issue is integral to Lockman's remaining claims. First, Lockman predicates its specific performance claim on TEAM's refusal to acknowledge Lockman as copyright owner of the translations; if TEAM turns out to be the rightful owner of the copyright, then it need not specifically turn over copyrights. Similarly, TEAM need not account for funds due as royalties for works on which Lockman owns a copyright if, in fact, TEAM owns the relevant copyrights. Regarding the conversion claim, there is neither a conversion of a copyright nor funds due from one if TEAM is the copyright holder. The copyright claims are related to the others and the sources of proof on TEAM's anticipated Japanese copyright defense are overwhelmingly in Japan.

The breach of fiduciary relationship and fraud claims involve the alleged misuse of funds in Japan, particularly misappropriation to purchase Japanese real estate. For those claims, the district court concluded, a Japanese trial court might need to hear from "scores" of Japanese "bankers, accountants and church officials." In addition, "[w]hen fraud charges are made, it is desirable that the factfinder have the benefit of demeanor testimony of witnesses...." *Fustok v. Banque Populaire Suisse*, 546 F.Supp. 506, 511 (S.D.N.Y. 1982). In this case, the alleged defrauders are in Japan.

TEAM contends the Lanham Act claim involves activities in Japan because all formal distribution channels for the works were in Asia. Lockman maintains that its Lanham Act claim pertains to distribution of the Shinkaiyaku Seisho in the United States, however limited such distribution was. Once again, Lockman fails to demonstrate why the district court's conclusion was so clearly incorrect as to amount to an abuse of discretion.

### b. Availability of witnesses

All or nearly all of the witnesses relating to TEAM's claim of copyright are in Japan, several of whom are apparently elderly and infirm and who would have a difficult time traveling to the United States. More importantly, TEAM cannot force them to testify in the United States. On the other side of the coin, Lockman cannot compel its witnesses to appear in Japan. There will be unavoidable inconvenience regardless of the eventual forum. The inconvenience to Lockman, however, is mitigated because Lockman is already participating in TEAM/Domei's Japanese copyright action.

### c. Policy favoring an expeditious trial

This factor weighs in favor of a Japanese forum, because trying all claims in one case there would prevent fragmented litigation. Because Lockman does not challenge the dismissal of its copyright claims, it must pursue them in Japan, if at all. Were the district court to keep the noncopyright claims, there would be lawsuits on both sides of the Pacific arising out of related matters.[4] The district court credited the expert testimony TEAM presented that Lockman could litigate its actions in Japan by counterclaiming against TEAM/Domei in the copyright suit and joining TEAM and McVety as defendants. Given the district court's dismissal of the copyright claims, Japan remains the only forum in which the entire case may be tried. *Cf. Contact Lumber*, 918 F.2d at 1452–53 (Philippines being only forum with jurisdiction over all

---

**4.** The matters are related because of TEAM's anticipated copyright defense. Furthermore, Lockman itself has alleged, in this case, that the claims are related. Lockman asserted before the district court, in its amended complaint, that the common law claims were pendant to the copyright claims "because these claims and the federal law claims arise out of a common nucleus of operative facts." On appeal, though, Lockman urges us to divorce the copyright claims from the others, contending that they are *un*related. This we cannot do.

related cases counseled in favor of forum non conveniens dismissal).

## 2. Public interest factors

"Public interest factors encompass court congestion, the local interest in resolving the controversy, and the preference for having a forum apply a law with which it is familiar." *Id.* at 1452; *see also Nebenzahl v. Credit Suisse,* 705 F.2d 1139, 1140 (9th Cir.1983).

The district court considered public interest factors and concluded that the nature of the relationship of the parties showed that the controversy had a large connection to Japan and little connection to California because all claims were related to the translation and distribution of Bibles in Japan. Both Japan and California have interests in this dispute, California because of its interest in seeing its citizens compensated for torts committed against them, and Japan because of its interest in matters relating to Japanese copyrights. It is unclear what law Japan would apply to Lockman's tort claims. The balance of public interest factors might tip somewhat in favor of California, given that United States courts are more competent to decide questions of United States federal law, such as the RICO and Lanham Act claims. Nevertheless, the record shows that the district court considered public interest factors and because there is no reason for this court to form "a definite and firm conviction that the [district court] committed a clear error of judgment in the conclusion it reached," *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir.1976) (citations omitted), its decision should remain undisturbed. There was no abuse of discretion in this case.

## C. Choice of Law

Lockman claims that the district court erred in dismissing its tort and contract claims because California law applies to them and in dismissing its federal statutory claims because they arise under federal law. It relies on *Zipfel v. Halliburton Co.,* 832 F.2d 1477, 1486 (9th Cir.1987), *cert. denied,* 486 U.S. 1054, 108 S.Ct. 2819, 100 L.Ed.2d 921, *amended,* 861 F.2d 565 (1988),

to support its contention that the forum non conveniens doctrine is inapplicable where local law applies. That reliance is misplaced.

*Zipfel* involved a claim under the Jones Act, which applies to injuries to seamen. Where the Jones Act applies, forum non conveniens dismissal is precluded. *Id.* Thus, the district court in *Zipfel* had to make a choice of law determination initially: did the Jones Act apply? If it did, then the inquiry would have ended as to those plaintiffs to whom it applied. Likewise, in *Contact Lumber,* we examined COGSA, another maritime statute, to determine whether, if applicable, that law would dictate retention of the case by an American court. 918 F.2d at 1450–51. We concluded that "even assuming the applicability of U.S. law, appellants have no entitlement to have their case heard in a U.S. court," *id.* at 1451, and that, therefore, "choice of law is *not a dispositive consideration* in [that] dispute." *Id.* at 1453 (emphasis added). These cases considered whether any particular choice of law determination mandated a certain forum, thus ending the forum non conveniens dispute. *See id.* at 1449 ("If appellant, however, can demonstrate that choice of law *requires* retaining the case, the motion to dismiss will be denied." (emphasis added) (citing *Zipfel,* 832 F.2d at 1486)). In this case, there is no arguably applicable law that would end the forum non conveniens inquiry, so no potentially dispositive choice of law determination need have been made.

## III

On September 11, 1989, after the district court had orally ruled dismissing Lockman's action on forum non conveniens grounds, Lockman moved to amend its complaint, seeking to drop the copyright counts. The district court entered its order dismissing Lockman's complaint on September 29. On October 2, Lockman filed a notice of cancellation of its hearing on its motion for leave to amend. The district court took that matter under submission without oral argument and denied leave to amend on October 16.

"This court reviews a district court's denial of a motion for leave to amend under an abuse of discretion standard." *Contact Lumber*, 918 F.2d at 1454 (citing *Klamath–Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292 (9th Cir.), *cert. denied*, 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983)).

### A. Sufficiency of Lockman's Notice of Appeal

■ TEAM contends that Lockman failed to appeal the denial of its motion for leave to amend because its notice of appeal failed to specify that particular order. *See* Fed.R.App.P. 3(c) ("The notice of appeal ... shall designate the judgment, order or part thereof appealed from"). Because Lockman's notice of appeal designates only the September 29 order of dismissal, TEAM argues, it has failed to appeal the decision denying leave to amend.

■ The amendment issue is properly before this court. We liberally construe Rule 3(c). *See Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1422–23 (9th Cir.1989) (citing numerous Ninth Circuit cases), *cert. denied*, — U.S. —, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). "[A] mistake in designating the judgment appealed from should not bar appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 451 (9th Cir.1983), *cert. denied*, 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984). Where the appellee has argued the merits fully in its brief, it has not been prejudiced by the appellant's failure to designate specifically an order which is subject to appeal. *United States v. Walker*, 601 F.2d 1051, 1058 (9th Cir. 1979). TEAM fully briefed the merits of the leave to amend issue in its brief on appeal. It has not been prejudiced, so we consider the leave to amend issue.

### B. Leave to Amend

■ Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."

The district court may decline to grant such leave, though, where there is "any *apparent or declared* reason" for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962) (emphasis added). Even though the district court did not give reasons for its denial, it is apparent from the record that granting leave to amend in this case would have been futile because the noncopyright claims are intertwined with TEAM's Japanese copyright defense. The late request for leave to amend here appears "to be nothing more than a desperate effort at persuading the [district] court to retain jurisdiction," such as the one we rejected in *Contact Lumber*, 918 F.2d at 1454. The district court did not abuse its discretion in denying leave to amend after it had made its dismissal ruling from the bench.

### IV

Japan is an adequate alternative forum and the district court did not abuse its discretion in weighing the relevant factors before deciding that Japan is the more convenient forum. Lockman's belated attempt to sever its copyright claims in order to save its California suit fails, because even the noncopyright claims are related to copyright issues, for which the balance of conveniences strongly favors resolution of the dispute in Japan. The district court did not abuse its discretion in denying Lockman leave to amend because an amendment would have been futile. For these reasons, the decisions of the district court are

AFFIRMED.