**CAPRI TRADING CORPORATION,**
**Plaintiff,**

v.

**BANK BUMIPUTRA MALAYSIA BERHAD, Nawawi Mat Awin, Wong Aun Phui, and Muhamad Radzi Bin Mahmood, Defendants.**

**No. C–92–0127 SAW.**

United States District Court,
N.D. California.

Feb. 18, 1993.

Benjamin, Weill & Mazer, David Benjamin, Andrew Weill, San Francisco, CA, for plaintiff.

Armour, Goodin, Schlotz & McBride, Robert Goodin, Claire De Chazal, Heller, Ehrman, White & McAuliffe, Michael Coffino, Peter Crosby, San Francisco, CA, for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

### I. BACKGROUND

Plaintiff Capri Trading Corporation ("Capri") is a Bahamian corporation and the beneficial owner of a minority interest in shares of Carrian Investments Limited ("CIL"), a Hong Kong company. Plaintiff sues Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and pendent claims of fraud and breach of fiduciary duty. The claims arise from an agreement by which CIL sold its United States assets and shares of CIL's subsidiaries to two other companies, Darton Limited ("Darton"), a Liberian corporation, and Dragon Base Company Limited ("Dragon"), a Hong Kong corporation. Capri alleges that the assets were sold for inadequate compensation as part of a conspiratorial scheme to enrich the members of the conspiracy and to diminish the value of shares held by Capri and other minority shareholders. Defendant Bank Bumiputra Malaysia Berhad ("BBMB") is a Malaysian corporation which allegedly participated in the conspiratorial scheme. Defendants Wong Aun Phui ("Wong"), Nawawi Mat Awin ("Nawawi"), and Muhamad Radzi Bin Mahmood ("Muhamad") are residents of Malaysia and officers of BBMB.

BBMB moves to dismiss the complaint on the grounds of *forum non conveniens* and Plaintiff's lack of standing. Defendants Wong and Muhamad joined in these motions.

### II. DISCUSSION

#### I. *Motion to Dismiss for Forum Non Conveniens*

The *forum non conveniens* determination is "committed to the sound dis-

cretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981). A party moving to dismiss an action on the ground of *forum non conveniens* must show: (1) the existence of an adequate alternative forum; and (2) that the balance of private and public interest factors favors dismissal. *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir.1991); *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449 (9th Cir. 1990).

Although there is generally a strong presumption in favor of maintaining the plaintiff's choice of forum, the presumption applies with less force when the plaintiff is foreign.[1] *Piper Aircraft*, 454 U.S. at 255, 102 S.Ct. at 266. Accordingly, because Plaintiff is a foreign non-resident corporation, its choice of forum deserves less deference. *Id.* at 256, 102 S.Ct. at 266.

#### A. Adequate Alternative Forum

The threshold requirement of dismissal of an action on the ground of *forum non conveniens* is the existence of an adequate alternative forum. *Lockman*, 930 F.2d at 768. This requirement is ordinarily satisfied when the defendant is amenable to process in the other jurisdiction. *Piper Aircraft*, 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22 (citing *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 506–07, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947)). In rare circumstances, the alternative forum may not be adequate where the defendant is amenable to process if the remedy offered by the other forum is clearly unsatisfactory. *Id.* However, the alternative forum need not provide all of the remedies and benefits which might be available in an American court, so long as the remedies provided are not "so clearly inadequate or unsatisfactory that [there] is no remedy at all." *Zipfel v. Halliburton Co.*, 832 F.2d 1477, 1484

---

1. Even the deference due to the selection of a home forum by a resident plaintiff is far from absolute. The Ninth Circuit has recognized that "[t]he presence of American plaintiffs ... is not in and of itself sufficient to bar a district court from dismissing a case on the grounds of *forum non conveniens.*" *Contact Lumber*, 918 F.2d at 1449; *Lockman*, 930 F.2d at 767.

(9th Cir.1987) (citing *Piper Aircraft,* 454 U.S. at 254, 102 S.Ct. at 265).

■ In this case, Hong Kong is an adequate alternative forum. Defendant BBMB is amenable to process in Hong Kong because it conducts business in the country. Phillips Forum Decl., ¶ 13. Defendants Wong, Muhamad, and Nawawi have expressly consented to submit to the jurisdiction of the Hong Kong courts if this action is refiled in Hong Kong. *See Contact Lumber Co.,* 918 F.2d at 1450 (court may grant dismissal where defendants submit to jurisdiction in alternative forum).

Hong Kong law also provides sufficient remedies to redress Plaintiff's alleged injuries. The law of Hong Kong recognizes claims based upon deceit or misrepresentation and also the tort of conspiracy to injure by unlawful means. Phillips Forum Decl., ¶¶ 27–28. The law of Hong Kong further makes available the damage remedies sought by Plaintiff. Plaintiff also seeks equitable relief regarding the ownership of the United States assets. It is questionable whether the Hong Kong court will assert jurisdiction to provide relief in respect to real property outside the forum. However, the damage remedies are not "so clearly inadequate or unsatisfactory that [there] is no remedy at all." *Piper Aircraft,* 454 U.S. at 254, 102 S.Ct. at 265.

For the foregoing reasons, Hong Kong is an adequate alternative forum. The possible unavailability of a RICO claim in Hong Kong does not prevent the Court from granting this motion. *Lockman,* 930 F.2d at 769.

### B. Private Interest Factors

■ Given the existence of an adequate alternative forum, the Court must consider the balance of private and public interest factors to determine whether to dismiss on the ground of *forum non conveniens. Lockman,* 930 F.2d at 769. Private interest factors encompass: "ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses; and other problems that interfere with an expeditious trial." *Contact Lumber,* 918 F.2d at 1451 (citing

*Gulf Oil,* 330 U.S. at 508, 67 S.Ct. at 843). In balancing the private interest factors, the Court may properly consider the Plaintiff's case in chief and the Defendants' defense. *Lockman,* 930 F.2d at 769–70.

Plaintiff argues that the private interests of the parties disfavor a dismissal because dozens of witnesses are located in the United States. Plaintiff alleges the conspiratorial scheme to derogate its shareholder rights had its genesis in the United States, involved agents in the United States, and deceived United States' officials. Although Plaintiff concedes that some witnesses—perhaps as many as a dozen—are located overseas, it maintains that the majority of witnesses are in the United States. Plaintiff further maintains that it cannot compel the hostile American witnesses to appear in Hong Kong and that the costs of transporting its witnesses would be exorbitant.

Defendants present a strikingly different version of the facts, and assert the private interests of the parties favor dismissal because "virtually all" of the evidence and witnesses in the suit are located in foreign countries. For example, Defendants allege that the persons with knowledge about the negotiations or circumstances of the agreement between CIL and Darton and Dragon reside or are in custody in Hong Kong, Malaysia, France, or England. Defendants further allege that CIL's financial advisor and members of a committee of CIL creditors, were aware of the agreement and reside in Hong Kong. Defendants also contend that none of the third-party witnesses who allegedly negotiated the sale transaction, can be compelled to appear at trial in the United States. Moreover, George Tan, a witness who signed the agreement as president of the CIL and its related companies, is a Hong Kong resident who has had his freedom to travel curtailed while he awaits trial in Hong Kong.

Defendants further claim that the collapse of CIL and its related companies has given rise to various lawsuits in Hong Kong, including an action involving the CIL liquidators and BBMB. In June 1991, the CIL liquidators and BBMB reached a settlement memorialized in a Global Settle-

ment Agreement. Among other things, the Global Settlement Agreement contains a release of claims of CIL against BBMB. BBMB contends this settlement agreement provides a complete defense to Plaintiff's claims. The persons who signed this agreement reside in Hong Kong and Malaysia.

■ There will be unavoidable inconvenience regardless of the eventual forum. While Plaintiff's sources of proof are in the United States, Defendants' sources of proof are in Hong Kong and other foreign countries. Both parties have witnesses who cannot be compelled to appear in the alternative forum. The cost of transporting witnesses will be enormous for either side. In sum, the private interests do not balance in favor of either party. When private interests do not favor either party, the Court must determine whether the public interest favors trial in a foreign forum. *Friends for All Children v. Lockheed Aircraft Corp.*, 717 F.2d 602, 606 (D.C.Cir. 1983) (citing *Pain v. United Technologies Corp.*, 637 F.2d 775, 784 (D.C.Cir.1980), *cert. denied*, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981)) ("If the trial judge finds the balance of private interests to be in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum.")

### C. Public Interest Factors

■ After considering the private interest factors, the Court must weigh the public interest factors. This is especially important given that the private interests do not balance in favor of either party. Public interest factors include: "court congestion, the local interest in resolving the controversy, and the preference for having a forum apply a law with which it is familiar." *Contact Lumber*, 918 F.2d at 1452.

■ Plaintiff suggests that there is considerable local interest in resolving this controversy in the United States because the conspiracy to defraud the Plaintiff of the value of its shares involved a scheme to defraud public officials in the United States, the sale of United States property,

and the involvement of United States attorneys.

Plaintiff's argument strays from the gravamen of its complaint: injury to the shareholders of a Bahamian corporation. The fact that the alleged injury involved United States property does not change the nature of Plaintiff's claim. If the property were located in Canada or elsewhere, the injury to Plaintiff would be the same—the diminished value of its shares. Furthermore, none of the parties to this suit is a citizen or resident of the United States. The public officials allegedly defrauded are not parties to this suit and will not benefit from the outcome. Plaintiff does not allege injury or damage to any United States real estate. Nor does Plaintiff allege any injurious effect on any of the United States subsidiaries that were indirectly involved in the sales transaction. In short, the United States has little, if any, interest in resolving this dispute.

In contrast, Hong Kong has a much greater local interest in resolving this suit. The complaint asserts injury to a shareholder in a Hong Kong company as a result of an alleged conspiracy between a Hong Kong majority shareholder and Malaysian parties. The alleged conspiracy involves three Hong Kong companies and a Liberian company and relates to the sale of shares in and debt of three Hong Kong and one Netherlands Antilles companies. The transferor of the shares, CIL, is subject to the overall supervision of the Supreme Court of Hong Kong, in connection with the liquidation of CIL.

Moreover, the collapse of CIL and its related companies has been a matter of intense public interest in Hong Kong, giving rise to various criminal and civil legal proceedings. A criminal trial against George Tan, BBMB's alleged co-conspirator in this action, was scheduled to commence on June 16, 1992 in Hong Kong. Phillips Supp. Decl., ¶ 19. In that action, the Crown in Hong Kong charges, *inter alia*, that Mr. Tan bribed an officer of Barclays Asia/West with a gift of shares in CIL to Sinclair (Nominees) Limited, the original Plaintiff in this lawsuit. Phillips Supp.

Decl., ¶ 19. Thus, the Tan criminal trial will concern whether Sinclair obtained shares in CIL by a bribe. In light of these factors, Hong Kong has considerably more interest in resolving this suit than does the United States.

In addition to local interest considerations, there is a preference for having a forum apply a law with which it is familiar. The agreement authorizing the sale of the United States assets for inadequate compensation is expressly governed by Hong Kong law. Plaintiff maintains that the agreement's choice of law provision is irrelevant because Plaintiff seeks to rescind the agreement, not to enforce it. However, assuming arguendo that the choice of law provision is not enforced, Hong Kong law remains applicable in certain circumstances. For example, because CIL is a Hong Kong corporation, the substantive law of Hong Kong will govern the claim for breach of fiduciary duty. Defendants' Motion to Dismiss for Lack of Standing raises the choice of law issue regarding the minority shareholder's capacity to sue directly, rather than by a shareholder's derivative suit. Invariably, issues of Hong Kong law will continue to recur.

Plaintiff further argues the United States courts are more competent to decide questions of United States federal law, such as the RICO claim. Admittedly, United States courts are more competent to decide the RICO claim. However, if the RICO claim is unavailable in Hong Kong, the argument is moot. As discussed previously, the possible unavailability of a RICO claim in Hong Kong does not preclude a *forum non conveniens* dismissal. *Lockman,* 930 F.2d at 769.

In view of the local interest considerations of the Hong Kong forum, the limited interest of the United States, and the recurrence of Hong Kong law, the public interest favors dismissal.

In summary, the balance of private and public interest factors favor trial in a foreign forum. Although the private interests are in equipoise or near equipoise, the public interest clearly tips the balance in favor of a trial in a foreign forum. Hong Kong

is an adequate alternative forum because Defendant BBMB is amenable to process there and the individual Defendants have consented to the jurisdiction of the Hong Kong courts.

Accordingly, IT IS HEREBY ORDERED that:

(1) Defendants' Motion to Dismiss on Grounds of *Forum Non Conveniens* is GRANTED; and

(2) Defendants' Motion to Dismiss for Lack of Standing is DENIED, as being moot.