141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Medicor AG; Medicor Zug AG, Plaintiffs-Appellants,
v.
Arterial Vascular ENGINEERING, Defendant-Appellee.
 No. 97-15465.
DC No. CV-96-02979-MHP.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted,** Feb. 13, 1998.
Decided Mar. 19, 1998.
 
 Appeal from the United States District Court for the Northern District of California Marilyn H. Patel, District Judge, Presiding.
 Before SNEED, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court applied the correct standard in granting appellee's forum non conveniens motion, and did not abuse its discretion in finding that AVE had demonstrated (1) the existence of an adequate alternative forum and (2) that the balance of private and public interest factors favors dismissal. Creative Technology, Ltd. v. Aztech System Pte, Ltd., 61 F.3d 696, 699 (9th Cir.1995).
 
 
 3
 Switzerland offers a clearly adequate forum, and the district court was not bound to grant special deference to a foreign plaintiff's choice of a U.S. forum. See id., citing Piper v. Reyno, 454 U.S. 235, 255-56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). An alternative forum is almost always adequate if the defendant is subject to service there. Piper, 454 U.S. at 254, n. 22. AVE has agreed to submit itself to the jurisdiction of Swiss courts. Moreover, any difficulties that Medicor may encounter in obtaining personal jurisdiction over AVE or in enforcing a judgment have been fully remedied by the district court's decision to grant a conditional dismissal. This constitutes sufficient protection of Medicor's interests; the court was under no obligation to additionally require a letter of guaranty from AVE.
 
 
 4
 The district court fully considered, in a reasonable fashion, all of the relevant private factors. These include access to sources of proof, compulsory process and the cost of witness attendance, as well as other matters raised by Medicor (such as the impact of language differences and the necessity of translating documents). See Zipfel v. Halliburton Co., 832 F.2d 1477, 1485 (9th Cir.1988). Medicor claims that the court improperly focused on the number of witnesses obtainable in a given forum, rather than their importance. See Gates Learjet Co. v. Jensen, 743 F.2d 1325, 1335-36 (9th Cir.1984). But all the witnesses are either AVE employees or Swiss residents. By dismissing the case in favor of a Swiss forum, while simultaneously requiring AVE to submit to Swiss jurisdiction, the court secured all of the witnesses, important or not, that may appear in this case. In such circumstances, it can not be said that the court abused its discretion in evaluating the private interest factors.
 
 
 5
 The district court also conducted a thorough review of the public interest factors, including an extensive choice of law analysis, applying the proper California choice of law rules. See McGhee v. Arabian American Oil Co., 871 F.2d 1412, 1422 (9th Cir.1989). The strong Swiss interest in deciding a local controversy involving a Swiss citizen and a Swiss employment contract, the inappropriate imposition on a California jury of a case with little connection to that state, and the presence of complex conflict of laws problems all point toward Switzerland as the proper forum. See Pereira v. Utah Transport, Inc., 764 F.2d 686, 690 (9th Cir.1985); Piper, 454 U.S. at 251, citing Gulf Oil v. Gilbert, 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The district court did not abuse its discretion by failing to give dispositive weight to its choice of law inquiry. In the absence of a federal statute that dictates retention of a cause of action arising under it, choice of law is merely one factor among many. See Lockman Foundation v. Evangelical Alliance Mission, 930 F.2d 764, 771 (9th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3