## PT INDOPAC PERDANA FINANCE, Plaintiff—Appellant,

v.

## Putra MASAGUNG, an individual; Made Oka Masagung, Defendants—Appellees.

## PT Indopac Perdana Finance, Plaintiff—Appellee,

v.

## Putra Masagung, an individual; Made Oka Masagung, Defendants—Appellants.

### Nos. 00–17345, 01–15622.
### D.C. No. CV–00–01919–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2002.

Decided April 1, 2002.

Before RYMER, KLEINFELD, and MCKEOWN, Circuit Judges.

MEMORANDUM *

PT Indopac Perdana Finance ("Indopac") appeals from the district court's dismissal based on forum non conveniens. We have jurisdiction under 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the factual and procedural background, we need not detail it here.

The district court's forum non conveniens determination is reviewed for abuse of discretion. *Ravelo Monegro v. Rosa,* 211 F.3d 509, 511 (9th Cir.2000). An abuse of discretion occurs when the district court incorrectly interprets the law, clearly errs in its assessment of the evidence, or strikes an unreasonable balance of the relevant factors. *Id.*

"At the outset of any forum non conveniens inquiry, the court must determine whether there exists an alternative forum." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (citations omitted). There is no dispute that all of the parties are subject to service in Indonesia. Not only are all the parties Indonesian citizens, but Putra Masagung and Made Oka Masagung (collectively "Masagungs") and PT Gunung Agung (PTGA) consented to Indonesian jurisdiction as a condition of the district court's forum non conveniens dismissal. The unavailability of relief under RICO does not render the Indonesian forum inadequate. *Lockman Found. v. Evangelical Alliance Mission,* 930 F.2d 764, 769 (9th Cir.1991). There is nothing to suggest that an Indonesian court would offer Indopac such a paltry remedy to render it "no remedy at all." *Piper,* 454 U.S. at 254, 102 S.Ct. 252.

The district court appropriately weighed the private factors and concluded that they were neutral. Although certain witnesses who have evidence relating to the defendants' "equity investment defense" may be located in the Northern District of California, there will be Indonesian witnesses who have evidence relating to loan terms "that were standard in the Indonesian business community at the time" the alleged loan was extended. The district

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

court did not abuse its discretion in assessing the evidence or in balancing the factors.

The district court found that the local interest in adjudicating Indopac's case is minimal because, at heart, the dispute concerns a loan agreement hatched outside of the United States between parties that are not citizens of the United States. To the extent that local interests were harmed by the Masagungs' purchase of the Bank of San Francisco shares, those interests have been vindicated by the Federal Reserve Board's actions.[1] The need to apply Indonesian law also tends to weigh in favor of dismissal. The district court did not abuse its discretion in concluding that the public factors weigh in favor of dismissal.

AFFIRMED.

---

1. The Masagungs' motion for judicial notice of a related SEC filing is denied.