**TRIFLO MEDICAL, INC., a Delaware Corporation, Plaintiff—Appellant,**

v.

**Didier LAPEYRE, an individual, Defendant—Appellee.**

No. 01–56730.

D.C. No. CV–01–00269–DOC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Aug. 16, 2002.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and MAHAN,* District Judge.

MEMORANDUM **

In this diversity action, appellant Triflo Medical, Inc. ("Triflo") is a Delaware corporation with its principal place of business in Irvine, California. Appellee Didier Lapeyre ("Lapeyre") is a resident of France. Triflo is engaged in the design and manufacture of medical devices, including a mechanical heart valve. Lapeyre is the former president and director of medical affairs. Triflo appeals the district court's dismissal of its action against Lapeyre on forum non conveniens grounds. We reverse.

Triflo terminated Lapeyre's employment on November 14, 2000. Triflo filed an amended complaint in the United States District Court for the Central District of California alleging breach of fiduciary duty, interference with contract and advantageous relationships and misappropriation of trade secrets, and sought injunctive and declaratory relief and damages. Lapeyre answered the amended compliant and filed counterclaims against Triflo alleging rescission and breach of contract. Lapeyre also filed an action in France asserting claims against Triflo involving a joint ownership agreement. Thereafter, Lapeyre filed a motion to dismiss or stay the U.S. action on the basis of forum non conveniens, arguing that the disputes between the parties should be heard in France. The district court ultimately granted the motion to dismiss and denied Triflo's request for reconsideration.

We review dismissal on forum non conveniens grounds for abuse of discretion. *See Creative Tech., Ltd. v. Aztech Sys. Pte, Ltd.,* 61 F.3d 696, 699 (9th Cir.1995); *see also Ravelo Monegro v. Rosa,* 211 F.3d 509, 511 (9th Cir.2000).

To dismiss on forum non conveniens grounds, the moving party must show the existence of an adequate alternative forum and that private and public interest factors balance in favor of dismissal. *Lockman Found. v. Evangelical Alliance Mission,* 930 F.2d 764, 767 (9th Cir.1991), (citing *Contact Lumber Co. v. P.T. Moges Shipping Co.,* 918 F.2d 1446, 1449 (9th Cir. 1990)). "This showing must overcome the great deference ... due plaintiffs because a showing of convenience by a party who has sued in his home forum will usually outweigh the inconvenience the defendant may have shown." *Id.* (citing *Contact Lumber,* 918 F.2d at 1449 (internal quotation marks omitted)).

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

At oral argument, counsel for the defendant acknowledged that there is a strong presumption in favor of the plaintiff's choice of forum, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981), and that the plaintiff's choice should rarely be disturbed, *Gulf Oil v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

The district court erred because it failed to consider this presumption in favor of plaintiff's choice of forum. Applying, as we must, this presumption and the other public and private factors identified by the district court, we can reach only one conclusion as to the proper forum: the United States District Court for the Central District of California.

REVERSED

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.