**SPORT CARRIERS, INC.,**
**Plaintiff–Appellant,**

v.

**FERRO CORPORATION, a**
**Corporation, Defendant–**
**Appellee.**

No. 02–55804.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 2003.*

Decided Oct. 27, 2003.

Before: REINHARDT, FERNANDEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Sport Carriers, Inc. appeals the dismissal of its action against Ferro Corporation on the ground of forum non conveniens. We reverse and remand.

A dismissal on the basis of forum non conveniens can be granted if there is an adequate alternate forum and balancing of the so-called private and public interest factors favors dismissal. *See Creative Tech., Ltd. v. Aztech Sys. Pte. Ltd.*, 61 F.3d 696, 699 (9th Cir.1995). But in considering the factors, great deference must be shown to the plaintiff's choice of forum,[1] and the burden of overcoming that deference is upon the party that moves for dismissal.[2]

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir.1991).

2. *See Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd.*, 918 F.2d 1446, 1449 (9th Cir. 1990).

There is no doubt, and Sport Carriers does not dispute, that there is an adequate alternate forum—England. *See Lueck v. Sundstrand Corp.,* 236 F.3d 1137, 1143 (9th Cir.2001); *Ceramic Corp. of Am. v. Inka Maritime Corp.,* 1 F.3d 947, 949 (9th Cir.1993).

The district court held that the private factors do not "weigh strongly" one way or the other. That is somewhat understated and problematic when we consider that many witnesses to the allegedly false representations and damages are in the United States, and many witnesses to the development and manufacture of the product in question are also in the United States. *See Van Cauwenberghe v. Biard,* 486 U.S. 517, 528, 108 S.Ct. 1945, 1953, 100 L.Ed.2d 517 (1988); *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1335–36 (9th Cir.1984); *see also R. Maganlal & Co. v. M.G. Chem. Co., Inc.,* 942 F.2d 164, 168 (2d Cir.1991). Be that as it may, the district court's "weight" determination does not offer much comfort to Ferro. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 265–66, 70 L.Ed.2d 419 (1981) (factors must "clearly point" to the alternate forum).

Nor does the weight of the public interest factors help Ferro. The fact that both of the parties are United States corporations[3] weighs in favor of a United States forum. *See Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1119 (9th Cir.2002); *Ravelo Monegro,* 211 F.3d at 514; *see also Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88, 107 (2d Cir.2000); *Mercier v. Sheraton*

*Int'l, Inc.,* 935 F.2d 419, 429–30 (1st Cir. 1991). Moreover, while "certain ... claims" might be controlled by English law,[4] that is not to say that all will be. There was no information regarding relative court congestion.

Thus, on balance, while we do recognize that we owe substantial deference to the district court's decision,[5] this is one of those cases where we are constrained to say that the district court erred.[6]

REVERSED and REMANDED.

---

**3.** Sport Carriers did sue, in part, as an assignee of the foreign subsidiary of an affiliated corporation. However, it also sued for damages in its own right. At any rate, even a foreign plaintiff's choice of forum is entitled to some deference. *See Ravelo Monegro v. Rosa,* 211 F.3d 509, 514 (9th Cir.2000).

**4.** A purchase order issued by Sport Carrier's subsidiary selected English law.

**5.** *See Gates Learjet,* 743 F.2d at 1334–35.

**6.** *See Ravelo Monegro,* 211 F.3d at 514.

