*169 MEMORANDUM *
Our review of the district court’s dismissal based on forum non conveniens presents SSI Corporation (SSI) “with an uphill battle.” Lockman Found, v. Evangelical Alliance Mission, 930 F.2d 764, 767 (9th Cir.1991). We review the district court’s dismissal narrowly for a clear abuse of discretion. Id.
“A party moving to dismiss on grounds of forum non conveniens must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal.” Id. SSI concedes that Japan is an adequate forum. SSI argues instead that the district court failed to properly balance the private and public interest factors.
As the district court recognized, the strong presumption in favor of a plaintiffs choice of forum does not apply to a foreign plaintiff such as SSI. Rather, SSI’s choice of forum is entitled to less deference. See Lueck v. Sundstrand Corp., 236 F.3d 1137, 1143 (9th Cir.2001) (“[A] foreign plaintiffs choice deserves less deference. But ... less deference is not the same thing as no deference.”) (quotation marks and citations omitted).
The district court properly considered the relevant public and private interest factors and reasonably balanced these factors. In weighing the private interest factors, the district court concluded that (1) with respect to access to proof, even though evidence is located in both Japan and the United States, the key witnesses and documents for this case are located in Japan, and (2) with respect to availability of witnesses, even though there would be an unavoidable inconvenience regardless of the forum, the key witnesses are located in Japan, including all of Matsuda’s witnesses.
Contrary to SSI’s assertion, the district court acknowledged that documents and witnesses relating to SSI’s case are found in the United States and that many of those witnesses could not be compelled to testify in Japan. The district court weighed this inconvenience to SSI against two critical issues that are controlled by Japanese law and that require witnesses and documents located in Japan: (1) whether Matsuda (a Japanese citizen) had authority to conduct the transactions complained of by SSI (a Japanese corporation), and (2) whether SSI’s complaint is precluded by a Settlement Agreement drafted and approved by a Japanese court and entered into by the parties in Japan.
In weighing the public interest factors, the district court concluded that (1) even though the United States has an interest in preventing wrongful acts on its soil that allegedly involve United States citizens and corporations, Japan has a greater interest in resolving this dispute given that the gravamen of the complaint is injury to a Japanese corporation and the procedural history of these parties includes multiple lawsuits in Japan and the Japanese Settlement Agreement, (2) because the local interest in this lawsuit is comparatively low, a local jury should not be forced to bear the burden of this dispute, see id. at 1147, (3) the application of Japanese law favors dismissal, see Piper Aircraft Co. v. Reyno, 454 U.S. 235, 260 n. 29, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), and (4) principles of comity favor dismissal. These factors all tip in favor of dismissal.
The district court’s reasonable balance of the private and public interest factors deserves substantial deference, and its dis *170 missal on grounds of forum non conveniens was not a clear abuse of discretion. The district court considered and reasonably weighed all of the relevant factors in coming to a decision; upon review, we are not left with “a definite and firm conviction that the [district court] committed a clear error of judgment in the conclusion it reached.” Lockman, 930 F.2d at 771 (quotation marks omitted).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.