

**FILED**

MAY 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, an Ohio corporation, | No. 11-56406 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:10-cv-01090-DSF-JEM |
| and | |
| VNU BUSINESS MEDIA, INC., a Delaware corporation, Erroneously Sued As BPI Communications Inc., | MEMORANDUM[*] |
| Defendant-cross-defendant - Appellee, | |
| v. | |
| THE SONI LAW FIRM, an unknown business entity, | |
| Defendant-counter-claimant-cross-claimant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted May 8, 2013

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Pasadena, California

Before: O'SCANNLAIN, PAEZ, and IKUTA, Circuit Judges.

Scottsdale Insurance Company ("Scottsdale") filed this statutory interpleader action against the Soni Law Firm ("Soni"), the Milton H. Greene Archives, Inc. ("the Archives"), and VNU Business Media, Inc. ("VNU"). Soni moved to stay or to dismiss the interpleader in light of then-pending parallel state proceedings. The district court denied the motion. The court later entered its findings and concluded that VNU's lien and Scottsdale's equitable right of offset both had priority over Soni's attorney's lien. Soni timely appealed. We affirm.

I

The district court's refusal to abstain under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), was not an abuse of discretion.[1] Exceptional circumstances did not exist to relieve the district court of

_____

[1] We may review the district court's order denying the motion to abstain despite the notice of appeal's defects. Generally, "an appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment." *Munoz v. Small Bus. Admin.,* 644 F.2d 1361, 1364 (9th Cir. 1981). And "[w]here the appellee has argued the merits fully in its brief, it has not been prejudiced by the appellant's failure to designate specifically an order which is subject to appeal." *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991). Here, both VNU and Scottsdale have fully briefed the abstention issue, so neither is prejudiced.

2

its "virtually unflagging obligation" to adjudicate Scottsdale's claims. *Id.* at 813, 817.

## II

The district court's conclusion that VNU's lien has priority over Soni's was not error. The first-in-time rule apples only when "[o]ther things [are] equal." Cal. Civ. Code § 2897. The district court properly analyzed "whether the equities of the lienholders [were] equal." *Bluxome St. Assocs. v. Fireman's Fund Ins. Co.*, 206 Cal. App. 3d 1149, 1159 (1988). For the reasons stated by the district court, we agree that the equities favored VNU.

## III

The district court's conclusion that Scottsdale's right of offset has priority over Soni's was not error. "[T]he general rule is that . . . an attorney's lien is subordinate to the rights of the adverse party to offset judgments in the same action or in actions based upon the same transaction," *Brienza v. Tepper*, 35 Cal. App. 4th 1839, 1849 (1995), though "competing equities" may favor prioritizing the attorney's lien. *Id.* at 1848. For the reasons stated by the district court, we agree that the equities do not favor Soni.

**AFFIRMED**.