**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACQUELYNN NICKLER, | No. 19-15761 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01668-JCM-VCF |
| v. | |
| CLARK COUNTY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted February 5, 2020
Pasadena, California

Before: THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Jacquelynn Nickler appeals the district court's order dismissing without

prejudice her suit against Kathleen Lambermont, Steven Grierson, and Clark

County, Nevada. Because the parties are familiar with the facts, we need not

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm in part, and reverse and remand in part.

We review a district court's order granting a motion to dismiss de novo. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). We take as true all factual allegations in Nickler's complaint, and construe them in the light most favorable to her. *See id.* We also review de novo a district court's application and interpretation of state substantive law. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007).

1.     The district court did not err in dismissing Nickler's state tort claims as time-barred. Nickler concedes that the statutes of limitations bar her state tort claims unless the continuing violation or continuous accrual doctrine applies. The Nevada Supreme Court has not addressed whether either doctrine applies to an intentional interference with prospective economic advantage ("IIPEA") claim. To the extent that we can look to the guidance of other courts, *see Giles*, 494 F.3d at 872, Nickler cites no cases applying either the continuing violation doctrine or the continuous accrual doctrine to an IIPEA-style tort. Given the lack of Nevada state

---

[1] Despite the fact that the district court dismissed the case without prejudice, "its entry of judgment constituted a final decision of the court" under the circumstances presented by this case. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

2

law or persuasive out-of-jurisdiction authority, we conclude that the district court did not err in dismissing Nickler's IIPEA claim as time-barred. Because the tort of civil conspiracy is a derivative claim that cannot proceed alone, the district court also did not err in dismissing that claim. *See Bergen v. Mortg. Lender Servs., Inc.*, No. 58557, 2013 WL 214377, at *1 (Nev. Jan 17, 2013) (holding that derivative claim for civil conspiracy was properly dismissed when underlying civil claim was dismissed). We decline Nickler's request to certify this question to the Nevada Supreme Court. Because Nickler's state tort claims are time-barred by the statutes of limitations, we need not and do not reach the question of whether issue preclusion would also bar these claims. Given the determination that the state law claims were time-barred, the district court did not err in dismissing the claims without granting leave to amend. *See Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 772 (9th Cir. 1991).

2.      Based on the information presented to it, the district court did not err in dismissing Nickler's federal discrimination claims as time-barred. However, because it is possible that the complaint could have been saved by amendment, the district court should have granted Nickler leave to amend to allow her the

opportunity to plead sufficient facts to establish timeliness as to the federal claims.[2]

*See Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).  Therefore, we must reverse the dismissal of the federal discrimination claims and remand with instructions to grant Nickler leave to amend as to those claims.

The parties shall bear their own costs.

**AFFIRMED in part, REVERSED and REMANDED in part.**

---

[2] 42 U.S.C. § 2000e-5(e)(1) requires that an aggrieved individual file a claim with the Equal Employment Opportunity Commission ("EEOC") within 180 days after an alleged unlawful employment action, or within 300 days if the individual first files a claim with an authorized state agency.  Authorized state agencies can enter into worksharing agreements with the EEOC which provide that a filing with one agency is constructively deemed a filing with the other agency. *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("If the state or local agency has a 'worksharing' agreement with the EEOC, a complainant ordinarily need not file separately with federal and state agencies.  She may file her charge with one agency, and that agency will then relay the charge to the other.").  These worksharing agreements can also waive the 60-day statutory period during which the state agency has the initial right to process the discrimination claim, meaning that a claim constructively filed with the state agency within 300 days could be considered timely filed with the EEOC. *See Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1174-75 (9th Cir. 1999).  On appeal, Nickler alleges that there is a worksharing agreement between the EEOC and the Nevada Equal Rights Commission that would render her claims timely.  There are sufficient indicia in our caselaw that such an agreement exists and would be relevant to the timeliness of the claims. *See, e.g., id.*  However, the agreement is not in the record, nor is there sufficient briefing to ascertain its implications for this case.  We leave that issue for further development on remand.