1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William P. MCCOY; Michael McCoy, Personal Representatives
of the estate of Kevin J. McCoy, Plaintiffs-Appellants,
v.
John PAYNE, Defendant-Appellee.
William P. MCCOY, Personal Representatives of the estate of
Kevin J. McCoy; Michael McCoy, Plaintiffs-Appellees,
v.
John H. PAYNE, Defendant-Appellant.
 Nos. 92-35100, 92-35134.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1993.*
Decided July 19, 1993.
 
 Before GOODWIN, FARRIS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Representatives of the estate of Kevin J. McCoy ("the estate" and "McCoy," respectively) brought this suit under 42 U.S.C. Sec. 1983. They contend that John H. Payne, a police officer, used excessive force in violation of McCoy's constitutional rights when he shot and killed McCoy. The jury returned a verdict in favor of Payne. The estate appeals.
 
 
 3
 On the day McCoy was killed, Payne was called to McCoy's house because of a domestic disturbance. McCoy appeared at the door, intoxicated and carrying a Bowie knife. He was belligerent, but threw down the knife after repeated orders to do so by Payne. After he threw down the knife, however, McCoy lunged at Payne. Payne kicked McCoy down twice, but McCoy, according to Payne's testimony, kept coming for him and lunging toward his gun. Payne testified he was in fear of his life. He fired one shot at McCoy and killed him.
 
 
 4
 On appeal the estate contends the district court abused its discretion in: (1) admitting evidence of McCoy's violent behavior shortly before Payne arrived, and (2) denying the estate's motion to file a fifth amended complaint. On cross-appeal, Payne contends the district court erred in refusing to admit evidence of McCoy's prior difficulties with alcohol and the police. We affirm.
 
 DISCUSSION
 
 5
 A. Did the district court abuse its discretion in admitting evidence of McCoy's behavior before Payne arrived on the scene?
 
 
 6
 The estate first argues that several items of evidence admitted were irrelevant or, alternatively, substantially more prejudicial than probative under Federal Rule of Evidence 403. The evidence in question includes a videotape of the McCoy home showing the damage McCoy did to it before Payne arrived, a tape recording of the 911 call that summoned Payne and captured McCoy yelling in the background, testimony that McCoy had been arguing with his wife all day, and testimony that McCoy had threatened to take his children from his wife, that he had stabbed her with his keys, and that he threatened to kill the police if she called them. The estate argues that this evidence was irrelevant because only the facts and circumstances of which Payne was aware at the time of the shooting were relevant to whether he used excessive force. Graham v. Connor, 109 S.Ct. 1865, 1872 (1989).
 
 
 7
 The estate is correct that only those facts and circumstances of which Payne was aware at the time are relevant. Id. A crucial issue in the case, however, is what were the facts and circumstances when Payne confronted McCoy. Evidence of McCoy's violence, intoxication and aggressiveness shortly before Payne arrived gives rise to a very strong inference of McCoy's demeanor during the confrontation with Payne. The evidence tended to show that McCoy was violent and aggressive when Payne confronted him. The district court did not abuse its discretion in concluding that the evidence was relevant.
 
 
 8
 The estate argues that even if the evidence was relevant, its prejudicial effect substantially outweighed its probative value. The estate contends the evidence should have been excluded under Federal Rule of Evidence 403. We review the district court's balancing of prejudice against probative value for abuse of discretion. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989).
 
 
 9
 As we have stated, the evidence was probative of McCoy's demeanor when Payne arrived at the house. The evidence was prejudicial to the extent that it cut against the estate's theory of the case, but we cannot say that the district court abused its discretion by finding that this prejudice did not substantially outweigh the probative value of the evidence. Moreover, the district court instructed the jury that the evidence could only be used to draw inferences about what Payne observed during the confrontation. The court further instructed the jury that its job was to determine whether Payne's action was reasonable under the circumstances, as Payne observed those circumstances before the shooting.
 
 
 10
 B. Do we have jurisdiction to consider the estate's contention that the district court abused its discretion by refusing to allow a fifth amended complaint?
 
 
 11
 The estate next contends the district court abused its discretion by refusing to allow a fifth amended complaint. The estate wanted to add the City of Portland ("the City") as a defendant, McCoy's wife and children as plaintiffs, and additional causes of action.
 
 
 12
 Payne presents two arguments regarding our jurisdiction to consider the estate's contention. First, he argues that because the notice of appeal did not state that it included an appeal from the denial of the motion to amend, we have no jurisdiction over this issue. Second, he argues that because the notice of appeal failed to list McCoy's family members or the City as parties, we have no jurisdiction over them.[1]
 
 
 13
 Federal Rule of Appellate Procedure 3(c) provides that "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." The requirements of naming the parties and designating the judgment or order appealed from are jurisdictional. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 315 (1988) (naming parties a jurisdictional requirement); Bankers Trust Co. v. Mallis, 435 U.S. 381, 387 (1978) (designating judgment or order a jurisdictional requirement).
 
 
 14
 The estate argues that under Lockman Foundation v. Evangelical Alliance Mission, 930 F.2d 764 (9th Cir.1991), we should take jurisdiction because Payne has suffered no prejudice from the failure to designate the proper order appealed from. This is an incomplete statement of the rule applied in Lockman. In that case, we held that jurisdiction should be taken if " 'the intent to appeal [the relevant judgment or order] can be fairly inferred and the appellee is not prejudiced or misled by the mistake.' " Id. at 772 (citing Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1422-23 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990)) (emphasis added). While the estate is probably correct that Payne has suffered no prejudice from its error, it is our jurisdiction that is in question. For us to have the power to consider the merits, the first prong of the Lockman test must be met. It is not.
 
 
 15
 The notice of appeal specifically states that it is an appeal from "the judgment entered in favor of the defendant." The denial of the motion to amend was not a "judgment." The notice of appeal also recites that the "judgment" was entered December 20, 1991. It was, and the denial of the motion to amend was filed August 13, 1991. Finally, and most decisively, the notice of appeal references and attaches an "Exhibit A" which is appealed from. This is a copy of the December 20, 1991 judgment, not the August 13, 1991 order denying leave to amend. There is no reference whatsoever to the latter order. As a result, it cannot possibly be inferred from the notice of appeal that the estate intended to appeal from the denial of leave to amend. Thus we have no jurisdiction to consider whether leave to amend was properly denied.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The notice of appeal provides in its entirety:
 Notice is hereby given that plaintiffs hereby appeal to the United States Court of Appeals for the Ninth Circuit from the judgment entered in favor of defendant, a copy of which is attached hereto as Exhibit A. The judgment was entered on December 20, 1991.
 The district court's order dismissing the case was filed on December 20, 1991. The denial of leave to amend was an entirely separate order dated August 13, 1991.
 
 
 [2]
 Because we affirm the district court's judgment, we do not reach the issue raised by Payne's cross-appeal