1 F.3d 947
 1994 A.M.C. 1216
 CERAMIC CORPORATION OF AMERICA; Caffco Import Inc.; Caffco
International Inc.; C.C.C. Associates Inc., et
al., Plaintiffs-Appellants,
v.
INKA MARITIME CORPORATION INC.; NSB Niederelbe
Schiffahrtsgesellchaft mbH & Co. KG; Deutsche Seereederei
Rostock GmbH & Co.; Senator Linie GmbH & Co. KG; Cho Yang
Shipping Co., Ltd.; The Vessel M/V BREMEN SENATOR,
Defendants-Appellees.
 No. 92-55052.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 7, 1993.
Decided Aug. 6, 1993.
 
 George R. Daly, Bigham, Englar, Jones & Houston, New York City, and Paul Gary Sterling, Meadows, Smith, Lenker, Sterling & Davis, Long Beach, CA, for plaintiffs-appellants.
 John D. Giffin, Keesal, Young & Logan, San Francisco, CA and Michael J. Ryan, Hill, Betts & Nash, Long Beach, CA, for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before WALLACE, Chief Judge, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 WALLACE, Chief Judge:
 
 
 1
 Ceramic Corporation of America and 22 other American owners and insurers of cargo carried aboard the M/V Bremen Senator (collectively Ceramic) appeal from the district court's dismissal of their admiralty action on the grounds of forum non conveniens. Ceramic contends that the district court erred in concluding that Japan is a more convenient forum for its claims. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1333. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We reverse and remand.
 
 
 2
 * About May 15 or 16, 1991, the M/V Bremen Senator (vessel) collided with a pier owned by the Nisshin Tanker Company (Nisshin) located on Matsure Island in Japanese territorial waters, thus interrupting the vessel's trip to the United States. The owner of the vessel, Inka Maritime Corporation (Inka), a Liberian corporation with its principal place of business in Germany, declared general average in Japan and appointed an average adjuster located in Hamburg, Germany. General average is an equitable doctrine in maritime law applicable when the vessel incurs extraordinary expense "to avert a peril that threatens the entire voyage." In such circumstances, "the party suffering the loss has a right ... to claim contribution from all who participate in the venture," including the cargo interests. Thomas J. Schoenbaum, Admiralty and Maritime Law Sec. 16-1, at 522-23 (1987).
 
 
 3
 On June 16, 1991, Ceramic filed this action in admiralty against the vessel in rem; Inka; NSB Niederelbe Schiffahrtsgesellschaft mbH & Co. KG, a German corporation acting as vessel manager; and Deutsche Seereederei Rostock GmbH & Co. and Senator Linie GmbH & Co. KG, two German corporations that chartered the vessel and issued the bills of lading involved (collectively, the vessel interests). Ceramic sought money damages and a declaratory judgment that the vessel interests have no right to recover general average contributions from cargo on board the vessel or contributions to any salvage award. It alleged that it has been damaged because it has "and will have to provide security to the vessel interests for the claim of general average and to [the] salvors in order to obtain possession of [its] cargo and have and will incur expenses in defending against such general average and salvage claims."
 
 
 4
 Several days later, Nisshin commenced an action against the same vessel interests. The two actions were designated as related cases and were assigned to the same judge. On November 18, 1991, the district court granted the vessel interests' motions to dismiss, holding that Japan was a more convenient forum to hear the two cases. Nisshin did not appeal the district court's decision.
 
 II
 
 5
 We review the district court's dismissal on the grounds of forum non conveniens for abuse of discretion. Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 767 (9th Cir.1991) (Lockman ).
 
 
 6
 The forum non conveniens determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.
 
 
 7
 Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981) (Piper Aircraft ).
 
 
 8
 A party moving in the trial court to dismiss on grounds of forum non conveniens has the burden of showing: "(1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." Lockman, 930 F.2d at 767. "This showing must overcome the 'great deference ... due plaintiffs because a showing of convenience by a party who has sued in his home forum will usually outweigh the inconvenience the defendant may have shown.' " Id., quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1449 (9th Cir.1990) (Contact Lumber ).
 
 
 9
 Our first task is to determine whether Japan provides an adequate alternative forum for the resolution of this dispute. Piper Aircraft, 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22. This requirement is ordinarily satisfied when the defendant is amenable to process in the other jurisdiction. Id. Here, the district court granted the motion to dismiss on the express condition that the vessel interests agree to submit to the jurisdiction of the Japanese courts and waive the defense of statute of limitations as to any action arising from the same casualty that is refiled in Japan within one year. This conditional dismissal satisfies the threshold test. Lockman, 930 F.2d at 768; Contact Lumber, 918 F.2d at 1450.
 
 
 10
 Even where the defendant is amenable to process in the alternative forum, however, there may be "rare circumstances" in which the "remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." Piper Aircraft, 454 U.S. at 254 & n. 22, 102 S.Ct. at 265 & n. 22. Dismissal, for example, would not be appropriate "where the alternative forum does not permit litigation of the subject matter of the dispute." Id. at n. 22, 102 S.Ct. at 265 n. 22.
 
 
 11
 The bills of lading covering the cargo at issue here contained forum selection clauses requiring that any suit must be brought in Germany, with the application of German law. In its opposition to the vessel interests' motions to dismiss, Ceramic submitted an affidavit from one of its Japanese attorneys stating that a "Japanese Court on its own, even without a request from the vessel interests," would enforce the forum selection clauses in the bills of lading and "dismiss the suit and/or transfer the case to Germany." Although they introduced evidence demonstrating that Japan has a sophisticated, well-developed legal system capable of resolving maritime disputes, the vessel interests did not contest the validity of this statement.
 
 
 12
 Ceramic asserts that Japan cannot be an adequate alternative forum because a Japanese court would not hear its claims, but would automatically give effect to the forum selection clauses contained in the bills of lading. The district court decided to "leave the issue of enforceability of the forum selection clauses to the Japanese courts."
 
 
 13
 A court may dismiss on forum non conveniens grounds even though the foreign forum does not provide the same range of remedies as are available in the home forum. See Lockman, 930 F.2d at 768-69. However, the alternative forum must provide some potential avenue for redress. Cf. id. (even assuming RICO and Lanham Act claims unavailable in Japan, plaintiff had failed to show possible recovery on other tort and contract claims would be inadequate). In this case, it is uncontroverted that a Japanese court would dismiss Ceramic's action on its own motion. As a result, Ceramic will not be able to pursue any of its claims in Japan or obtain any relief in that forum. Because Japan will "not permit litigation of the subject matter of the dispute," we are confronted with one of those rare instances where the remedy provided by the alternative forum is "clearly unsatisfactory." Piper Aircraft, 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22. Japan is thus an inadequate alternative forum and the district court abused its discretion in dismissing Ceramic's action on the grounds of forum non conveniens.
 
 
 14
 The vessel interests contend that, even assuming that the Japanese courts would enforce the forum selection clauses, dismissal was appropriate. First, they contend that Germany is an adequate and available alternative forum for the resolution of this dispute. Second, they argue that a United States court would enforce the forum selection clauses, effectively forcing Ceramic to litigate its claims in Germany. Neither of these arguments, however, addresses the question before us: whether Japan is an adequate alternative forum. The district court may consider these arguments on remand.
 
 
 15
 REVERSED AND REMANDED.