UNITED STATES of America, Plaintiff,

v.

VACANT LAND KNOWN AS LOS MORROS, PARCEL NO. 266–091–72, PARCEL 2 OF PARCEL NO. 14428, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, and All Improvements and Appurtenances Affixed Thereto, Defendant.

No. CV 94–1160 H(CM).

United States District Court,
S.D. California.

March 7, 1995.

Leah Bussell, U.S. Attys. Office, San Diego, CA, for plaintiff.

Patrick Q. Hall, Goldberg and Hall, San Diego, CA, for defendant.

## ORDER DENYING CLAIMANT'S MOTION TO DISMISS

HUFF, District Judge.

Claimant Charles Zwolsman filed this motion to dismiss the forfeiture action now pending against Vacant Land known as Los Morros. Having reviewed the papers submitted by the parties, the court denies claimant's motion to dismiss for lack of subject matter jurisdiction and forum non conveniens.

## BACKGROUND

Claimant is a convicted Dutch marijuana trafficker who smuggled hashish from North Africa and distributed it throughout the European continent. In 1993, Zwolsman was convicted of violating the Dutch Opium Act by serving as the head of an organization involved in the importation and trafficking of hashish. On March 9, 1994, Zwolsman was sentenced to four years imprisonment and ordered to forfeit the U.S. dollar equivalent of $45 million, a sum which represents his illegal drug profits. Claimant is currently incarcerated in the Netherlands.

Prior to his most recent arrest, the government alleges claimant was laundering his illegal proceeds in the United States by using a California company he established, Euro Cars L.A. Zwolsman's company would buy and resell expensive and exotic cars. Allegedly using a nominee, Zwolsman sold some of the cars held by Euro Cars L.A. and purchased the defendant parcel of real estate located in San Diego County and known as "Los Morros."

On July 14, 1993, the Dutch Ministry of Justice requested assistance from the United States in its investigation of Zwolsman and others. The request was made under the Treaty on Mutual Legal Assistance in Criminal Matters between the United States of America and the Kingdom of the Netherlands ("MLAT"). Following Zwolsman's conviction and sentencing, the Netherlands submitted a supplemental MLAT request on June 2, 1994. These requests specifically asked the United States to assist the Netherlands in dispossessing Zwolsman of any income and properties that were obtained by means of criminal offenses in the Netherlands. To that end, the government filed this forfeiture action against land allegedly purchased with the proceeds from Zwolsman's narcotics transactions.

## DISCUSSION

A 12(b)(6) dismissal is proper only in "extraordinary" cases. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir.1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990). The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991). Finally, courts must construe the complaint in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir.1980). Accordingly, courts must accept as true all material alle-

gations in the complaint, as well as reasonable inferences to be drawn from them. *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).

## A. *Lack of Subject Matter Jurisdiction*

■ Claimant argues that the court should dismiss this case for lack of subject matter jurisdiction. Specifically, claimant maintains that the court's adjudication of the forfeiture matter constitutes extra-territorial jurisdiction.

The court disagrees. The forfeiture statutes specifically grant the court jurisdiction over forfeitures based on foreign criminal acts. Under 18 U.S.C. § 981(a)(1)(B), property within the United States' jurisdiction which is constituted, derived from, or traceable to any proceeds obtained directly or indirectly from an offense against a foreign nation involving the manufacture, importation, sale or distribution of a controlled substance is subject to forfeiture. *Id.* Furthermore, under 18 U.S.C. § 981(i)(3), a foreign jurisdiction's conviction concerning an unlawful drug activity may be admissible as evidence in a forfeiture action.

The government brings this forfeiture action under the aegis of both multinational and bilateral treaties and agreements to which the United States and the Netherlands are parties. The Constitution provides that treaties as well as executive agreements are incorporated into the body of United States Law. U.S. Const. Article VI, sec. 2; Article II, sec. 1; *United States v. Pink,* 315 U.S. 203, 230, 62 S.Ct. 552, 565–66, 86 L.Ed. 796 (1942).

Here, there are three different treaties and agreement which dictate the government's action. First, the Treaty on Mutual Legal Assistance in Criminal Matters between the United States and the Kingdom of the Netherlands ("MLAT"), requires the United States government to provide assistance in resolving criminal matters.

Second, in 1992 the United States and the Netherlands executed an agreement which obliges both nations to assist one another in forfeiture proceedings and to give effect to one another's forfeiture decrees. Agreement

Regarding Mutual Cooperation in the Tracing, Freezing, Seizure and Forfeiture of Proceeds and Instrumentalities of Crime and the Sharing of Forfeited Assets, Nov. 20, 1992, U.S.–Neth., art. 3. ("U.S./Dutch Forfeiture Agreement"). Article 3 of the U.S./Dutch Forfeiture Agreement, which became effective August 4, 1994, states:

> To the extent permitted by the respective domestic laws, the Parties shall, upon request, take all measures to enforce a forfeiture order of a court of the requesting Party affecting proceeds and instrumentalities of crime, or property of equivalent value, located within the territorial jurisdiction of the requested Party, or to initiate its own forfeiture proceedings against such property.

*Id.*

Third and finally, the United States and the Netherlands as parties to the Vienna Convention are bound by its obligations. The convention requires states to assist one another in the confiscation of property related to drug trafficking crimes. United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances, art. 5(4), S. Treaty Doc. No. 4, 101st Cong., 1st Sess. 7 (1989) ("Vienna Convention").

In enacting § 981(a)(1)(B) and subsection (i)(3), Congress intended to provide a statutory means of complying with the United States' treaty obligations. *See* S.Rep. No. 433, 99th Cong.2d Sess. 24 (1986) (discussing use of statute to implement forfeiture treaty between Italy and the United States). Having reviewed the relevant case law and treaties, the court finds that by proceeding under 18 U.S.C. § 981 the court is not an exercising extra-territorial jurisdiction. Accordingly, the court denies claimant's motion to dismiss for lack of subject matter jurisdiction.

### 1. *Forum Non Conveniens*

Claimant also argues that the case should be dismissed on forum non conveniens grounds.

■ "A party moving in the trial court to dismiss on grounds of forum non conveniens has the burden of showing (1) the

existence of an adequate alternative forum, and (2) the balance of private and public interest factors favors dismissal." *Ceramic Corp. of America v. Inka Maritime Corp.*, 1 F.3d 947, 949 (9th Cir.1993) (citations omitted). In considering a forum non conveniens motion, the court should show great deference to the forum chosen by plaintiff. *Id.*

To satisfy the first prong, claimant need only show that he is amenable to process in the other jurisdiction. *Id.* In his papers, claimant indicates that he is willing to submit to the law and jurisdiction of the Netherlands thus the test has been met.

■ As to the second prong, the court finds that the balance of both public and private interests do not favor dismissal. In this case, the *res* is located within this district. In addition, claimant's business Euro Cars L.A. is located in this state and several government witnesses reside in California. Moreover, 18 U.S.C. § 981 specifically grants district courts jurisdiction over forfeiture actions based on foreign criminal activity. The statute, as well as the numerous treaties and agreements entered into by the United States and Netherlands, evidence the national interest in resolving these claims within the United States.

Claimant maintains that prosecuting the forfeiture action here would be costly and require "unnecessary problems in the application of foreign law" as well as the translation of documents from Dutch to English. While these are certainly considerations to keep in mind, the court does not believe they tip the balance in favor of dismissal. Accordingly, the court denies claimant's motion for dismissal on grounds of forum non conveniens.

### CONCLUSION

Having carefully the papers submitted by both parties, the court denies claimant's motion to dismiss the forfeiture action.

IT IS SO ORDERED.