65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodney Casimer MILES, a/k/a Rodney C. Miles; Ann R. Miles,
Plaintiffs-Appellants,
v.
Banque PARIBAS, Defendant-Appellee.
 No. 94-56768.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney C. Miles, an attorney appearing pro se, and his wife Ann R. Miles (collectively "Appellants") appeal pro se the district court's dismissal of their action against Banque Paribas of France ("Bank") on the ground of forum non conveniens. The Appellants' action, filed in the Central District of California, alleged fraud, breach of contract, misrepresentation, and breach of fiduciary duty related to an account the Appellants had with Banque Paribas in Nice, France, where the Appellants formerly resided.
 
 
 3
 We review for abuse of discretion. Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 767 (9th Cir.1991). We have jurisdiction over this diversity action pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 The Appellants contend that the district court erred by dismissing this action on the grounds of forum non conveniens. This contention lacks merit.
 
 
 5
 "A party moving to dismiss on grounds of forum non conveniens must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." Id..
 
 A. Adequate Alternative Forum
 
 6
 "The first step in forum non conveniens analysis is the determination of whether an adequate alternative forum exists." Creative Technology, Ltd. v. Aztech System PTE, No. 93-16997, slip op. 8985, 8995 (9th Cir. July 24, 1995). In order to determine that an alternative forum is adequate, the district court must evaluate two criteria: (1) whether the defendant is subject to jurisdiction in the alternative forum, and (2) whether the alternative forum provides "some potential avenue for redress." Ceramic Corp. of America v. Inka Maritime Corp., Inc., 1 F.3d 947, 959 (9th Cir.1993).
 
 
 7
 It is uncontested that the Bank is subject to jurisdiction in France. Further, although French law does not provide for punitive damages, it does provide that an employer is vicariously liable for the wrongful conduct of an employee acting in the course and scope of employment. See Arno v. Club Med Inc., 22 F.3d 1464, 1469 (9th Cir.1994). A district court may dismiss an action on the grounds of forum non conveniens "even though the [alternate] forum does not provide the same range of remedies as are available in the home forum." Ceramic Corp., 1 F.3d at 959. The district court, therefore, did not err in determining that France provides an adequate alternative forum.
 
 B. Private and Public Interest Factors
 1. Private interest
 
 8
 "Private interest factors include: ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses; and other problems that interfere with an expeditious trial." Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd., 918 F.2d 1446, 1451 (9th Cir.1990).
 
 
 9
 The district court determined that the private interest factors did not weigh in favor of dismissal. In making its determination, the district court focused on (1) the fact that there would be little difficulty in making documents available for trial regardless of whether the trial was held in France or in California; (2) the Bank's failure to show that it would have difficulty obtaining hostile witnesses; and (3) the comparable cost of transporting the Bank's witnesses to California in relation to the Appellants' litigation costs if this action was resolved in France. Lockman, 930 F.2d at 769. From a review of the record, we cannot hold that the district court abused its discretion.
 
 2. Public Interest
 
 10
 "Public interest factors encompass court congestion, the local interest in resolving the controversy, and the preference for having a forum apply a law with which it is familiar." Contact Lumber, 918 F.2d at 1452.
 
 
 11
 Both California and France have interests in this dispute. California has an interest in protecting its citizens who bank abroad. Additionally, it has an interest in protecting its citizens from torts that occur abroad. See Arno, 22 F.3d at 1468. France's interest in this dispute includes applying French law, which applies in this case. See id. at 1467-68. France also has an interest in adjudicating contractual and tort disputes that occur within its borders. Id. The district court considered the competing public interest factors and concluded that this controversy has a larger connection to France because that is where the parties' agreement was made and most, if not all, of the alleged transactions took place in France. From the record before us, we cannot hold that the district court abused its discretion in making this determination. See Lockman, 930 F.2d at 767.
 
 
 12
 France is an adequate alternative forum. Although the district court determined that the private interest factors weigh against dismissal, we cannot hold that the district court abused its discretion in balancing the private and public interest factors, and deciding that France is the more convenient forum.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3