76 F.3d 391
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chang Ho YANG, Plaintiff-Appellant,
v.
M/V MINAS LEO; Leeward Navigation S.A.; Lepta Shipping
Co., Ltd.; Far Eastern Shipping Co.; Chevron Shipping
Company; Chevron Shipping Corporation; Pemex/PMI/Petroleos
Mexicanos Internacionales; Trans-Marine Navigation
Corporation, Defendants-Appellees.
 No. 94-15168.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1996.
Decided Jan. 26, 1996.
 
 1
 Before: SCHROEDER and TROTT, Circuit Judges, and REED,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Chang Ho Yang (Yang) is a Korean national who lost his legs in an accident aboard the tanker Minas Leo. Yang brought suit in state court against numerous defendants who played various roles in the management, ownership or control of the Minas Leo. Yang's suit stated causes of action under general maritime law and the Jones Act, 46 U.S.C. § 688. Defendants removed the action, and the district court dismissed the suit on forum non conveniens grounds, with the condition that defendants submit to Korea's jurisdiction. On appeal, Yang argues that the district court erred in dismissing because (1) the district court erroneously concluded that Korean, rather than American, law governed the dispute, (2) Korea does not offer Yang an adequate remedy, and (3) public and private interest factors do not favor dismissal.
 
 
 4
 When a court is confronted with a motion to dismiss for forum non conveniens under the Jones Act, the court must first determine which nation's law should be applied to the action. Pereira v. Utah Transport, Inc., 764 F.2d 686, 688 (9th Cir.1985), cert. dismissed, 475 U.S. 1040 (1986). This is because if the Jones Act applies, the district court has no discretion to dismiss on forum non conveniens grounds. See Zipfel v. Halliburton Co., 832 F.2d 1477, 1486-87 (9th Cir.1987), cert. denied, 486 U.S. 1054 (1988), as modified, 861 F.2d 565 (9th Cir.1988).
 
 
 5
 The district court properly analyzed the factors discussed in Lauritzen v. Larsen, 345 U.S. 571 (1953), to be considered in deciding which nation's law should apply in Jones Act actions. See also Hellenic Lines, Ltd. v. Rhoditis, 398 U.S. 306 (1970), which the district court also considered.
 
 
 6
 This court reviews the district court's decision regarding choice of law de novo. Pereira, 764 F.2d at 689. The district court was correct to conclude that Korean law governs and we agree with its reasoning. Several of the relevant factors favor application of Korean law, including the nationality of the plaintiff, his employer and the employment contract itself, which had a choice of law clause calling for application of Korean Law. The record does not reflect that plaintiff had any connections to the United States before this accident, or that his work on the ship was supervised by anyone connected with the cargo's owner in the United States.
 
 
 7
 In addition, the district court relied in part on the Supreme Court's decision in Carnival Cruise Lines Inc. v. Shute, 499 U.S. 585 (1991), in which the Court upheld a forum-selection clause in a passenger cruise ticket.
 
 
 8
 On appeal, plaintiff has pointed out that Congress has since overruled Carnival Cruise Lines in the context of passenger tickets. See 46 U.S.C.App. § 183c. But this action by Congress discounts forum-selection clauses only in the passenger context. The choice-of-law clause is still an important factor in Jones Act analysis. See Lauritzen, 73 S.Ct. at 931. ("But if contract law is nonetheless to be considered, we face the fact that this contract was explicit that the Danish law and the contract with the Danish union were to control. Except as forbidden by some public policy, the tendency of the law is to apply in contract matters the law which the parties intended to apply").
 
 
 9
 Before a district court can dismiss for forum non conveniens, it must be satisfied that there is an adequate alternate forum for adjudication of the action. Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981). A foreign defendant generally can meet its burden on this point by demonstrating that it is amenable to an alternate forum. Id. at 254 n. 22; Ceramic Corp. of America v. Inka Maritime Corp., 1 F.3d 947, 949 (9th Cir.1993). If defendant can make this showing, it is only in "rare circumstances" where no adequate remedy at all exists, that a court should refuse to dismiss. Ceramic, 1 F.3d at 949.
 
 
 10
 Here, defendants agreed to submit to Korea's jurisdiction and provided an affidavit by a Korean legal expert describing the remedies Yang can pursue in that venue. Although Yang finds fault with that affidavit, he offers no compelling reason to discount Korea's remedies.
 
 
 11
 The district court did not abuse its discretion in dismissing on grounds of forum non conveniens.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Edward C. Reed, Jr., Senior United States District Court Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3