**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ITEM 1: A 1990 JEEP CHEROKEE;
ITEM 2: $40,000 IN U.S.
CURRENCY; ITEM 3: $50,000 IN
U.S. CURRENCY; ITEM 4: $19,380
IN U.S. CURRENCY; ITEM 5:
$19,882.40 IN U.S. CURRENCY;
ITEM 6: $8,753.11 IN U.S.
CURRENCY; ITEM 7: JEWELRY
AND MISC. PERSONAL ITEMS,

Defendants,

_____

OLAF PETER JUDA,

Claimant-Appellant.

No. 04-2079
(D.C. No. CIV-00-1338 JP/RLP)
(D. N.M.)

_____

**ORDER AND JUDGMENT** *

_____

_____

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Claimant-appellant Olaf Peter Juda appeals the district court's decision granting summary judgment in favor of the plaintiff-appellee United States of America on its claim for judicial forfeiture. We affirm.

The defendant items of property are proceeds of Mr. Juda's 1989 hashish smuggling venture to Canada. The items were seized in New Mexico following Mr. Juda's arrest in California in 1991. Mr. Juda pled guilty to drug smuggling and arson on the high seas as a result of that arrest. The issues surrounding this case have been going on for a number of years and have resulted in several other appeals before this court. Ultimately, the government was permitted to proceed with its action for judicial forfeiture under 21 U.S.C. § 881(a)(6).

The government's first motion for summary judgment was denied by the district court on October 11, 2002. The government then filed a motion to amend its complaint to assert an additional basis for forfeiture under 18 U.S.C. § 981(a)(1)(B), and also filed a second motion for summary judgment based on the amended complaint. The district court granted the motion to amend, but deferred

-2-

ruling on the second motion for summary judgment to allow Mr. Juda the opportunity to respond to the motion based on the amended complaint. Mr. Juda filed a cross-motion for summary judgment, which also constituted his response to the government's second motion for summary judgment. The district court granted summary judgment in favor of the government on both of the statutory grounds for forfeiture.

On appeal, Mr. Juda challenges both of the statutory grounds for forfeiture. Because we conclude that the district court properly granted summary judgment on the government's claim for forfeiture under 18 U.S.C. § 981(a)(1)(B), we will not address the district court's grant of summary judgment under 21 U.S.C. § 881(a)(6), or Mr. Juda's challenge to that decision. Mr. Juda agrees that there is no factual dispute on the § 981(a)(1)(B) claim. Aplt. Br. at 18. Instead, Mr. Juda argues that the district court erred in granting summary judgment because: 1) the district court should not have allowed the government to amend its complaint to add this claim; and 2) this subsection is unconstitutional.

Motion to Amend the Complaint

We review for abuse of discretion the district court's decision to allow the government to amend its complaint. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). Mr. Juda contends that the district court erred in granting the motion to amend because: 1) the amendment violated the terms of the

court's October 11, 2002 pretrial order; 2) the amendment was untimely; and 3) the doctrine of judicial estoppel barred amendment. As the district court explained in its order granting the motion to amend, Mr. Juda apparently mistakes the court's October 11, 2002 order for a Rule 16 order. The October 11, 2002 order merely denied a pending motion for summary judgment, and invited the government to file another motion for summary judgment. The order was not a Rule 16 order, which may limit the time available to amend pleadings. *See* Fed. R. Civ. P. 16(b)(1). The order in no way restricted the government from filing a motion to amend its complaint.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Although the government's amended complaint was filed two years after the original complaint was filed, the district court found that the request to amend was not unduly delayed. In its October 11, 2002 order denying summary judgment, the court requested clarification of the government's forfeiture theory. This request likely prompted the government to discover the statutory provision on which its new claim is based. The district court then concluded that allowing

the government to amend would provide a more prompt resolution of the case. The district court explained that if the motion were denied, the government could file a second forfeiture action under § 981(a)(1)(B) that would likely be consolidated with the current case. We conclude that the district court did not abuse its discretion in permitting the government to amend its complaint.

Finally, the district court determined that Mr. Juda is not entitled to judicial estoppel. This court recently recognized the doctrine of judicial estoppel in *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068-69 (10th Cir. 2005). Judicial estoppel is "a discretionary remedy courts may invoke to prevent improper use of judicial machinery." *Id.* at 1068 (quotation and citation omitted). Judicial estoppel is based on the following rule: "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Id.* at 1069 (quotation and citation omitted). Mr. Juda claims that he is entitled to judicial estoppel because the government has taken contrary positions and changed its claims in the amended complaint. As the district court explained, however, the position taken by the government is not contrary to its earlier position; it merely clarifies the statutory basis for the theory it has asserted all along, namely that Mr. Juda's interest in property found in New

Mexico can be forfeited by law no matter where the drug proceeds were earned or collected. The district court did not abuse its discretion in refusing to apply judicial estoppel.

Constitutionality of 18 U.S.C. § 981(a)(1)(B)

We review de novo challenges to a statute's constitutionality. *United States v. Thomas*, 410 F.3d 1235, 1243 (10th Cir. 2005). Section 981(a)(1)(B) states:

The following property is subject to forfeiture to the United States:

(B)    Any property, real or personal, within the jurisdiction of the United States, constituting, derived from, or traceable to, any proceeds obtained directly or indirectly from an offense against a foreign nation, or any property used to facilitate such an offense, if the offense–

(i) involves the manufacture, importation, sale, or distribution of a controlled substance (as that term is defined for purposes of the Controlled Substances Act), or any other conduct described in section 1956(c)(7)(B);

(ii) would be punishable within the jurisdiction of the foreign nation by death or imprisonment for a term exceeding 1 year; and

(iii) would be punishable under the laws of the United States by imprisonment for a term exceeding 1 year, if the act or activity constituting the offense had occurred within the jurisdiction of the United States.

As explained above, Mr. Juda does not dispute the facts establishing the elements for this statutory provision: hashish is a controlled substance under the

-6-

Controlled Substances Act; importation of hashish into the United States and Canada would be punishable by imprisonment for a term exceeding one year; and all of the property sought to be forfeited constitutes proceeds of Mr. Juda's 1989 importation of hashish into Canada. Instead, Mr. Juda argues that this subsection is unconstitutional.

First, Mr. Juda contends that the statute is constitutionally flawed because there is no nexus between the foreign activity and an impact on domestic commerce as required under the Commerce Clause. The authority for this statute, however, is not the Commerce Clause, but the Vienna Convention. Congress enacted § 981(a)(1)(B) to comply with its treaty obligations under the Vienna Convention to enact procedures for the confiscation of proceeds and the instrumentalities of foreign crimes involving drug trafficking. *See* H.R. Rep. 105-358(I), 105th Cong., 1st Sess., 1997 WL 677201, at *58-*59; *see also United States v. Vacant Land Known as Los Morros*, 885 F. Supp. 1329, 1331 (S.D. Cal. 1995). The Constitution provides that treaties are incorporated into federal law. U.S. Const. Article VI; *United States v. Pink*, 315 U.S. 203, 230 (1942); *see also Missouri v. Holland*, 252 U.S. 416, 432 (1920) ("If the treaty is valid there can be no dispute about the validity of the statute under Article 1, Section 8, as a necessary and proper means to execute the powers of the Government."). There is no constitutional problem here.

Second, Mr. Juda argues that there is no Article III standing because the United States has not suffered an injury in fact. As explained above, Congress properly created this statute as part of its obligations under the Vienna Convention. Through the creation of § 981(a)(1)(B), Congress has invested the government with a legal right to the proceeds of foreign drug activity. The government, by bringing this forfeiture action, is simply vindicating its legal rights under the statute. *See, e.g., Warth v. Seldin*, 422 U.S. 490, 500 (1975) ("The actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing . . . ." (quotation and citation omitted)). Accordingly, Mr. Juda's standing argument fails.

The judgment of the district court is AFFIRMED.


Entered for the Court


Stephen H. Anderson
Circuit Judge

-8-