NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN DOE, ex rel. United States of America, | No. 20-55067 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-00270-JVS-DFM |
| and | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| VRATSINAS CONSTRUCTION COMPANY, an Arkansas corporation; et al., | |
| Defendants-Appellees, | |
| and | |
| VCC HOLDCO, INC.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted April 16, 2021
Pasadena, California

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: PAEZ and VANDYKE, Circuit Judges, and KORMAN,** District Judge.

Relator in this False Claims Act ("FCA") case appeals the district court's decision to dismiss his Fourth Amended Complaint with prejudice. "The trial court's denial of leave to amend a complaint is reviewed for an abuse of discretion." *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). We will not disturb the district court's decision to deny leave to amend absent "a definite and firm conviction that the district court committed a clear error of judgment." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal quotation omitted). We consider five factors when determining whether the district court abused its discretion: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal quotation marks and citation omitted). After carefully considering the relevant factors, we cannot conclude that the district court abused its discretion.

1.      "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (internal quotation marks and

---

** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

2

citation omitted). That is especially true where, as here, a plaintiff had an opportunity to cure deficiencies identified by the district court and has failed to do so. *See Loos v. Immersion Corp.,* 762 F.3d 880, 890–91 (9th Cir. 2014).

2. The district court also found undue delay, "[g]iven that it is now over a year and a half since [relator] filed his initial complaint, and the [number] of amendments he has made to his complaint." ER 24. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388. As the district court noted, relator "has offered no satisfactory explanation for his failure to develop his contentions in the five prior iterations of the complaint except to suggest that he did not have" the relevant information "because he had not been able to gather [it] through discovery." ER 25. Relator's argument runs counter to the purpose of subjecting FCA claims to the heightened pleading standard of Fed. R. Civ. P. 9(b), which is to "deter the filing of complaints as a pretext for the discovery of unknown wrongs." *United States ex rel. Swoben v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (internal quotation omitted).

3. "Prejudice to the opposing party is the most important factor" in determining whether denying leave to amend is appropriate. *Jackson*, 902 F.2d at 1387. The district court found that there was evidence of prejudice to defendants. The district court previously explained that defendants' business is suffering from

3

this prolonged litigation, which "certainly prejudices [d]efendants." ER 9–10. And, while the parties have not yet engaged in discovery, defendants have had to expend resources to respond to multiple deficient complaints. The district court thus did not commit clear error in concluding that there was prejudice here.

**4.** There is also evidence that relator conducted this litigation in bad faith. Although the district court did not make a finding of bad faith, we may affirm the denial of leave to amend when "it is apparent from the record" that there is reason for doing so, even if the district court did not give a particular reason in its denial. *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 772 (9th Cir. 1991). Relator missed 11 deadlines throughout the course of the litigation, and the district court noted that it was "troubled by [relator's] careless disregard as to the Court's deadlines." ER 10. Bad faith can be inferred from numerous missed deadlines. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (comparing bad faith with "dilatory motive").

Moreover, the district court was concerned with relator's "clear disregard of the Court's prior order which granted leave to amend only for purposes of addressing deficiencies in" the Third Amended Complaint. ER 24. Indeed, instead of following the district court's instructions, the Fourth Amended Complaint added two new defendants and a claim for violation of the Sherman Act, 15 U.S.C. § 1. After the Department of Justice sent a letter to the parties noting that it did not authorize relator

to bring an antitrust action on behalf of the United States, and after defendants moved to strike the Sherman Act Claim from the Fourth Amended Complaint, relator voluntarily dismissed those defendants and the Sherman Act claim to avoid an adverse ruling from the district court. Relator further demonstrates his bad faith by seeking to reinstate the defendants and Sherman Act claim in his proposed Fifth Amended Complaint.[1]

5.     Having concluded that the other factors weigh in favor of defendants, "we need not reach the futility point per se." *Jackson*, 902 F.2d at 1388 & n.4 (undue delay, combined with prejudice, sufficient to deny leave to amend); *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991) (undue delay, combined with prejudice and two prior amendments, sufficient to deny leave to amend).

**AFFIRMED.**

---

[1] Relator asks us to take judicial notice of his Fifth Amended Complaint. Because we treat the allegations as nothing more than a summary of what he would replead—which could have been included in his brief—his motion to take judicial notice is denied.